### DELOS C. WOOD *vs.* IRVING WATSON.

WASHINGTON—JULY 27, 1897.

PRESENT: Stiness and Tillinghast, JJ.

A contingent, executory or future interest in real estate may be attached, the attaching creditor acquiring the same rights over the attached property as the

debtor had so far as necessary to satisfy therefrom the judgment he may obtain.

The courts of this State are without jurisdiction to dissolve an attachment regularly and properly made, excepting in cases under Gen. Laws R. I. cap. 253, § 10, where a part of the attached property may be released if excessive damages be claimed or such property greatly exceed the damages laid in the writ.

Attached personal estate may be released from attachment by giving the bond provided for by Gen. Laws R. I. cap. 253, § 14 *et seq.*

ASSUMPSIT.   Certified from a District Court on exceptions to a ruling discharging plaintiff's attachment of defendant's contingent interest in real estate, and heard on plaintiff's petition for a new trial.

TILLINGHAST, J.   The record in this case shows that, on February 15, 1897, the plaintiff recovered a judgment by default, in the District Court of the Second Judicial District, for the sum of $201.34 debt, and costs of suit taxed at $13.00. He now petitions for a new trial on the ground that the said court erred in granting the defendant's motion to dissolve the attachment which the plaintiff caused to be made of defendant's contingent interest in certain real estate.

As the plaintiff has already obtained a judgment for the full amount of his claim and costs, there is no occasion for granting a new trial.   We think, however, that the District Court erred in ordering the attachment dissolved.   If a contingent, executory or future interest in real estate may be disposed of by legal conveyance or will, as provided in Gen. Laws R. I. cap. 204, § 23 (see also 2 Washb. Real Prop. 5 ed. 614, and cases in note), we see no reason why such an interest may not be legally attached, the general rule being that the attaching creditor acquires the same rights over the thing attached as his debtor had, so far, at any rate, as to enable him to satisfy therefrom the judgment that he shall obtain.   Moreover, Gen. Laws R. I. cap. 253, § 10, expressly recognizes the right of a plaintiff to attach "real estate, *or the right, title and interest* of any defendant therein."   And this language is clearly broad enough to include a *contingent* interest in real estate.   We think, therefore, that the action of the District Court in ordering the attachment dissolved was without jurisdiction and void ; and that the plaintiff's rights

under the attachment remain precisely as they were before said order was entered. In order, however, that the error of said court may be properly corrected, so that the execution which may issue may authorize a levy on and sale of the defendant's interest in the real estate attached, we will remit the case to said District Court with direction to reverse its order dissolving said attachment, as of the time of the making thereof. See Gen. Laws R. I. cap. 253, § 11.

To what we have said relating to the want of jurisdiction in the District Court to dissolve the attachment aforesaid, we may add that we are not aware of the existence of any jurisdiction, either in a District Court or any other court in this State, to dissolve an attachment of real estate, when regularly and properly made, except that, under the provisions of Gen. Laws R. I. cap. 253, § 10, the court to which the writ is returnable, in case the damages laid therein are excessive, or if the property attached greatly exceeds in value the amount of damages laid in the writ, may release a portion of the property attached.

In many, and perhaps most of the States, an attachment cannot be made except upon an order of a judge, based upon affidavit alleging certain facts. And in those States, if it is subsequently made to appear that the attachment was improvidently issued, because the allegations on which it was issued were untrue, the court on proper pleading may dissolve it. *Lovier* v. *Gilpin*, 6 Dana. 321 ; Drake on Attachment, 3 ed. §§ 397 *et seq.* But where, as in this State, under the statutory process, an attachment may be made if the plaintiff so directs, the defendant cannot be allowed to impeach the attachment for improvidence, as the plaintiff is given the absolute right to attach and hold the property of the defendant to satisfy the judgment that he may obtain, subject only to the power of the court to reduce the amount attached, as aforesaid. If the property attached be personal estate, the defendant may obtain a release thereof by giving the bond provided for by statute. Gen. Laws R. I. cap. 253, § 14 *et seq.*

The case is remitted to the District Court of the Second

Judicial District, with direction to proceed in accordance with this opinion.

*Frederick C. Olney*, for plaintiff.

*Charles J. Arms*, for defendant.